IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO LOPEZ-AGUILAR,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | NO. 1:07-CR-58-AWI<br>NO. 1:09-CV-1862-AWI<br><br>ORDER ON PETITIONER'S<br>REQUEST FOR RELIEF<br>UNDER 28 U.S.C. § 2255<br><br>(Doc. Nos. 200 and 201 ) |

Petitioner Rigoberto Lopez-Aguilar ("Petitioner") is a federal prisoner and proceeds pro se and seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Section 2255").

**BACKGROUND**

Pursuant to a plea agreement, on July 25, 2008, Petitioner pled guilty to Count I-Conspiracy to Distribute and to Possess with the Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  See Criminal Docket Doc. No. 87. As part of the plea agreement, Petitioner agreed to waive his right to appeal and his right to file a motion under Section 2255.  Under the plea agreement, the Government agreed to recommend a sentence at the bottom of the applicable advisory Sentencing Guideline range and to recommend Petitioner receive a three-level reduction in the offense level for acceptance of responsibility. Petitioner also acknowledged that: "defendant understands that, in determining his sentence, the Court is required to take into consideration the Federal Sentencing Guidelines adopted by the

United States Sentencing Commission.  Further, he understands that the Court may give him any reasonable sentence above or below the applicable Guidelines range depending on aggravating or mitigating circumstances in his case." See Doc. No. 87 at page 7.

On September 19, 2008, Petitioner filed a sentencing memorandum, in which Petitioner acknowledged that he reviewed the Pre-Sentence Investigation Report ("PSIR").  The PSIR reflected an offense level of 35[1] and criminal category of I.  The PSIR stated that the Guideline Range was 168 months to 210 months of imprisonment.  In Petitioner's sentencing memorandum, Petitioner indicated that he was not challenging the accuracy of the Guidelines analysis by the Probation Officer.  See Petitioner's Sentencing Memorandum at page 3.  Further, Petitioner concedes that:

> "the offense level for distribution of two kilograms of actual methamphetamine is 38, as the PSR[2] indicates, pursuant to USSG §2D1.1(c)(1) ... The Guidelines Range in Criminal History Category I, as the PSR explains, is 168-210 months.  The PSR recommends a sentence of 168 months, at the bottom of that range."

See Petitioner's Sentencing Memorandum at page 3.  On October 23, 2008, Petitioner was sentenced to 168 months, and judgment and commitment were entered.

Petitioner filed this Section 2255 petition on October 23, 2009.[3]  Petitioner argues that his conviction was obtained "via a guilty plea which was induced by a promise that Petitioner's sentence would not exceed 120 (one hundred and twenty) months of incarceration." See Doc. No. 201.

## LEGAL STANDARD

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Acts of Congress claiming the right to be released upon the ground that the

---

[1] The PSIR reflected an offense level of 38 and was reduced to 35 because the Petitioner received a three-level reduction for acceptance of responsibility.

[2] Petitioner refers to the Pre-Sentence Investigation Report as PSR.

[3] Petitioner filed an original Section 2255 petition on October 22, 2009 and then filed an amended Section 2255 petition on October 23, 2009.

sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. §2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996); United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989). Mere conclusory statements or statements that are inherently incredible in a Section 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 877, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). While a petitioner is not required to allege facts in detail, he "must make factual allegations." Hearst, 638 F.2d at 1194. Accordingly, an evidentiary hearing is required if: (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief. Howard, 381 F.3d at 877.

## **DISCUSSION**

Petitioner fails to state a claim for relief for several reasons. First, Petitioner's allegations are vague and conclusory. Petitioner merely alleges that he was induced to plea by a promise of 120 months of imprisonment. Petitioner fails to allege who made the promise that his sentence would not exceed 120 months. As a result, the court is unable to determine whether the promise was made by defense counsel, the Government, or a third-party. Without knowing who made the promise, the court is unable to evaluate if Petitioner is asserting an ineffective assistance of counsel claim or a prosecutorial misconduct claim. Additionally, Petitioner fails to allege when the promise was made. Thus, the court cannot determine whether the promise was made early in the plea negotiation process or, at or near the time, before the change of plea hearing.

In federal habeas proceedings, the petitioner bears the burden of proving his case. Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004); McKenzie v. McCormick, 27 F.3d 1415, 1419 (9th Cir. 1994). Petitioner cannot bear his burden of showing his claim by presenting mere conclusory statements. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Further, a habeas corpus proceeding is civil in nature. Browder v. Dir., Dep't of Corrections, 434 U.S. 227, 269, 98 S.Ct. 556, 569 (1978). As such, petitioners have the burden of proving their cases by a preponderance of evidence. See, e.g., Parke v. Raley, 506 U.S. 20, 31, 113 S.Ct. 517, 524 (1992); McKenzie, 27 F.3d at 1419. Here, summary dismissal is appropriate because Petitioner's allegations are vague and conclusory and he fails to meet his burden of proving his case.

Second, the plea agreement precludes the relief that Petitioner seeks. In the plea agreement, Petitioner "waives any right to appeal his conviction and sentence and any right he may have to bring any other post-conviction attack on his conviction and sentence. He specifically agrees not to file a motion under 28 U.S.C. 2255 or 2241 attacking his conviction and sentence." See Doc. No. 87 at page 3.

Generally, a waiver of the right to appeal or to collaterally attack a conviction or sentence is enforceable if "(1) the language of the waiver encompasses [the] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005). However, the right to challenge the validity of the plea itself on the grounds that the plea was not voluntarily made because of ineffective assistance of counsel is not waived." Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005). The waiver of rights contained in Petitioner's plea agreement to appeal or to collaterally attack the sentence, judgment or means of determination of the sentence is comprehensive. Because the plea agreement is comprehensive in its waiver of rights of appeal or collateral attack, the court lacks jurisdiction to address the merits of Petitioner's Section 2255 motion except to the extent the motion seeks to invalidate the plea agreement itself on the grounds of involuntariness and/or ineffective assistance of counsel. As discussed above, it is unclear whether Petitioner is asserting an

4

ineffective assistance of counsel claim.

A plea agreement must be honored if it is voluntarily made and taken in compliance with Rule 11 of the Federal Rules of Criminal Procedure. United States v. Portillo-Cano, 192 F.3d 1246, 1250 (9th Cir. 1999). Here, Petitioner does not allege that he was not advised of his Rule 11 rights. In addition, pursuant to Rule 11, "Before accepting a plea of guilty, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, *or promises (other than promises in a plea agreement)*." See Fed. R. Crim. Pro. Rule 11(b)(2) (emphasis added). Petitioner does not allege that he was not addressed by the Court regarding whether his plea was a result of any promise other than promises in the plea agreement. The court is not aware of any fact that indicates that Petitioner's plea was in any way unknowing, involuntary or in violation of Rule 11. Because Petitioner has not advanced an ineffective assistance of counsel claim, or alleged that his plea was not voluntary, the Court concludes that Petitioner's comprehensive waiver of rights to appeal or to collaterally attack his sentence or the manner in which his sentence was determined is enforceable.

Third, Petitioner's allegations are contrary to the plea agreement and PSIR terms. The plea agreement specifically states that the Government agreed to recommend a sentence at the bottom of the applicable advisory Sentencing Guideline range. Petitioner conceded that the PSIR correctly calculated the Guideline Range of 168 months to 210 months of imprisonment. See Petitioner's Sentencing Memorandum at page 3. Here, Petitioner was sentenced to 168 months, which is at the bottom of the Guideline Range. Thus, Petitioner was sentenced in compliance with Petitioner's plea agreement and in accordance with the PSIR.

Therefore, Petitioner has failed to make factual allegations that show that he is entitled to relief.

Accordingly, IT IS HEREBY ORDERED that the Petitioner's Section 2255 petition is DENIED.

## **ORDER**

For the reasons set forth above, this court orders the following:

1. Petitioner's Section 2255 petition is DENIED; and

2. Clerk of the Court is ordered to CLOSE this case.

IT IS SO ORDERED.

Dated:   February 4, 2010                                    /s/ Anthony W. Ishii
                                                     CHIEF UNITED STATES DISTRICT JUDGE