**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RIGOBERTO LOPEZ-AGUILAR, | CASE NO. 1:07-cr-00058-LJO |
| Petitioner, | **ORDER ON PETITIONER'S SECOND 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 235) |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. / | |

## I. INTRODUCTION

Petitioner Rigoberto Lopez-Aguilar ("petitioner"), appearing pro se, seeks adjudication of a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("section 2255") based on newly discovered evidence. Because petitioner has failed to show that he obtained leave from the Court of Appeals authorizing him to file a second motion, this Court lacks jurisdiction to consider his claims. Accordingly, this Court DISMISSES petitioner's second section 2255 motion.

## II. DISCUSSION

**A. Second Section 2255 Motion**

On October 22, 2009, petitioner filed a section 2255 motion. (Doc. 200). The following day he filed an amended section 2255 motion. (Doc. 201). On February 5, 2010, petitioner's motion was denied. (Doc. 227). On March 6, 2012, petitioner filed the instant section 2255 motion based on newly

1  discovered evidence. (Doc. 235).

2       Before this Court can consider a second or successive section 2255 motion, the petitioner must

3  receive certification from the appropriate Court of Appeals. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A);[1]

4  *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a

5  "gatekeeping" mechanism for the consideration of second or successive applications in the district court

6  thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or

7  successive habeas petition in the district court); *United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir.

8  2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to

9  certification pursuant to 28 U.S.C. § 2244[.]"). Petitioner has not shown that he has obtained leave from

10  the Court of Appeals to file a second motion. Thus, this Court lacks jurisdiction to consider the claims

11  raised in his second section 2255 motion. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D.

12  Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition

13  because petitioner failed to obtain authorization from the Ninth Circuit).

14       This Court DISMISSES, without prejudice, petitioner's section 2255 motion filed on March 6,

15  2012.

16  **B. Certificate of Appealability**

17       28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a section 2255 proceeding

18  unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only

19  if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

20  § 2253(c)(2); *see Williams v. Calderon*, 83 F.3d 281, 286 (9th Cir. 1996). A COA issues when

21  defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could

22  resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement

23  to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). In the absence of a COA, no

24  appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c). This Court has reviewed the

25

26  [1] Section 2255 provides in part: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new retroactive rule of constitutional law. 28 U.S.C. § 2255(h). In turn, 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by the section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

27

28

1  record of this case and finds no jurist of reason would resolve the dismissal of petitioner's second section

2  2255 motion for lack of jurisdiction differently.  *See Barefoot*, 463 U.S. at 893 n.4; *Clark v. Lewis*, 1

3  F.3d 814, 819 (9th Cir. 1993).  Accordingly, a certificate of appealability is improper.[2]

4                                    **III. CONCLUSION AND ORDER**

5        For the reasons discussed above, this Court:

6        1.      DISMISSES, without prejudice, petitioner's section 2255 motion filed on March 6, 2012;

7                and

8        2.      DENIES petitioner a COA with regard to the section 2255 motion filed on March 6,

9                2012.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25                                    IT IS SO ORDERED.

26

27        [2] Although this Court finds that a COA is improper with regard to its decision to dismiss petitioner's second section 2255 motion for lack of jurisdiction, should petitioner wish to file a second section 2255 motion he must obtain the requisite

28  certification from the U.S. Court of Appeals for the Ninth Circuit.  *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3).

1

**Dated:**    <u>**March 15, 2012**</u>                        <u>**/s/ Lawrence J. O'Neill**</u>
                                                UNITED STATES DISTRICT JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28