IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO LOPEZ-AGUILAR,<br><br>    Petitioner,<br><br> vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____ / | CASE NO. 1:07-cr-00058-LJO<br><br>**RECONSIDERATION ORDER**<br>(Doc. 237) |

   Pro se petitioner Rigoberto Lopez-Aguilar ("petitioner") is a federal prisoner and seeks reconsideration of this Court's order dismissing his second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). (Doc. 236). This Court dismissed the second motion because petitioner failed to show that he obtained leave from the Court of Appeals to file a second motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A);[1] *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (explaining that 28 U.S.C. § 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from

---

[1] Section 2255 provides in part: "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence or a new retroactive rule of constitutional law. 28 U.S.C. § 2255(h). In turn, 28 U.S.C. § 2244(b)(3)(A) states: "Before a second or successive application permitted by the section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

1

the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. § 2244[.]"). In petitioner's motion for reconsideration, he contends that although the first section 2255 motion "might have been submitted with his name on it that motion was not authorized by petitioner." (Doc. 237, p. 1). Petitioner requests the Court to re-characterize the most recently filed section 2255 motion as his first section 2255 motion and disregard the motions filed in October of 2009.[2] (Doc. 237, p. 2).

A basic principle of federal practice is that courts generally refuse to reopen decided matters. *Magnesystems, Inc. v. Nikken*, 933 F. Supp. 944, 948 (C.D. Cal. 1996). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted, absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam), *cert. denied* 490 U.S. 1059 (1989); *see Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (reconsideration motions must be supported "by a showing of extraordinary circumstances which justify relief"). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

Petitioner's declaration in support of his motion for reconsideration provides that he "did not authorize another person or inmate to prepare and file" the first section 2255 motion and that he was unaware that the first section 2255 motion was filed until he was served with this Court's order dismissing the second motion. (Doc. 237, p. 3). Although petitioner contends that he did not authorize and was unaware of the filing of the first section 2255 motion, he fails to "set forth facts . . . of a strongly convincing nature to induce the court to reverse its prior decision," *Westlands Water Dist.*, 134 F. Supp.

---

[2] On October 22, 2009, petitioner filed a section 2255 motion. (Doc. 200). The following day, petitioner filed an amended section 2255 motion. (Doc. 201).

1  2d at 1131, in light of the fact that the first section 2255 motion was filed in his name, with his register
2  number, containing information regarding his case, and bore his signature.  Accordingly, this Court
3  DENIES petitioner's motion for reconsideration.

10      IT IS SO ORDERED.
11  **Dated:   April 19, 2012**                    /s/ Lawrence J. O'Neill
                                                 UNITED STATES DISTRICT JUDGE